UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSUGITO TILEI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　Defendant. | Case No. 12-cv-01688-PJH<br><br>**ORDER** |

　　　　Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. This case was dismissed at screening but the Ninth Circuit affirmed in part and vacated in part. The Circuit affirmed the dismissal for damages under the Eleventh Amendment because the Circuit noted that the only defendant was a state agency, the California Department of Corrections and Rehabilitation ("CDCR"). The Circuit reversed the dismissal for injunctive relief in light of *Pride v. Correa*, 719 F.3d 1130, 1136-37 (9th Cir. 2013), which was issued after the dismissal and held that individual claims for injunctive relief are not barred due to the *Plata* class action. The Circuit also reversed the denial of plaintiff's motion to appoint counsel and remanded the issue for the court to consider plaintiff's medical condition.

　　　　As currently pled, plaintiff presents only general claims for injunctive relief against the CDCR. He states that defendant refuses to provide the recommended medical treatment from various doctors. However, plaintiff does not describe specifically what medical care or treatment has been denied. He states that certain medical appliances have been denied, but does not identify what appliances. He states he needs different

pain medication, but does not specify what pain medication.  He does state that MRI and X-ray records are not available at appointments, but that is the only specific allegation.

Stating that he seek better medical care and for defendant to implement certain recommended treatment is insufficient and vague.  Plaintiff must provide more detailed information about the medical treatment that he seeks.  Plaintiff will be provided an opportunity to file an amended complaint to present more specific claims for injunctive relief.

With respect to plaintiff's motion to appoint counsel, he must provide more information.  The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff stated that his medical problems make it difficult to litigate this case.  He must describe his current medical problems and how they prevent him from prosecuting this action.  The court notes that despite his medical condition, plaintiff has a lengthy history of litigation and has adequately pursued this and other cases.  Since 2012, when this action was originally filed, plaintiff has filed the following cases: *Tilei v. Hasadsri*, No. 12-15553 (9th Cir. 2012); *In re Punaofo Tsugito Tilei*, H038684 (CA Court of Appeal 6th Dist. 2012); *In re Punaofo Tsugito Tilei*, S207189 (CA Supreme Court 2012); *Tilei v. McGuinness*, No. 13-16038 (9th Cir. 2013).[1]  Prior to 2012, plaintiff filed and litigated more than 30 cases in federal in state court.  In *Tilei v. Wan*, No. 06-0776 (E.D. Cal.), plaintiff proceeded to trial in May 2012.  He testified before a jury that while in prison he was a law library clerk, prepared and filed a class action lawsuit in state court, and was considered an institutional lawyer for other inmates.  *Tilei v. CDCR*, No. 13-15909, Docket No. 36, RJN at 120, 124, 131.

---

[1] A court may take judicial notice of public records.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

**CONCLUSION**

1. The Clerk shall reopen this case.

2. By **May 27, 2016**, plaintiff shall respond to the court order and provide more information why counsel should be appointed and plaintiff must file an amended complaint as discussed above. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 22, 2016

PHYLLIS J. HAMILTON
United States District Judge

\\CANDOAK\Data\Users\PJHALL\_psp\2012\2012_01688_Tilei_v_California_Department_of_Corrections_and_Rehabilit_(PSP)\12-cv-01688-PJH-ord.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSUGITO TILEI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　Defendant. | Case No.  12-cv-01688-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 22, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Punaofo Tsugito Tilei ID: H96960
P.O. Box 4490
Lancaster, CA 93539

Dated: April 22, 2016

　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　Nichole Peric, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　Honorable PHYLLIS J. HAMILTON