UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSUGITO TILEI,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 12-cv-01688-PJH (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 85 |

**INTRODUCTION**

Plaintiff Punaofo Tsugito Tilei ("Plaintiff") and Defendants California Department of Corrections and Rehabilitation ("CDCR"), A. Ingram, B. Jeffery, A. Alton, A. Meyer, J. Sanchez, and G. Ramey (collectively "Defendants"), submitted a joint letter brief addressing the parties' discovery disputes. Ltr. Br., Dkt. No. 76; Am. Ltr. Br., Dkt. No. 80. The Court heard oral argument on August 31, 2017. Aug. 31, 2017 Minute Entry, Dkt. No. 84. That same day, in response to Plaintiff's discovery request, the Court ordered Defendants to "produce, for in camera review, any and all documents relating to the investigation of the Defendant Correctional Officers, or to their discipline, for incidents similar to those alleged in the Complaint" so the Court could ascertain whether the incidents described in the requested documents are sufficiently similar to warrant production of the documents to Plaintiff. Discovery Order, Dkt. No. 83. Defendants produced the files. Defs.' Not. of Lodgment of Confidential Privileged Docs. for In-Camera Review, Dkt. No. 85.

After conducting its review, and upon consideration of the parties' arguments and relevant legal authority, the Court **ORDERS** production of the files corresponding to Bates Nos. 00171-

00291 (Case No. N-SVSP-930-15-A), 00292-00306 (Case No. SVSP-L-11-2349), and 00361-00390 (Case No. SVSP-L-12-04331) for the reasons set forth below. These disclosures are subject to the protective order already in place (Stipulated Protective Order, Dkt. No. 63); however, given potential privacy concerns, Defendants should redact the following from the documents to be produced:

- Names (replace with "Inmate 1" and "Inmate 2"), identification numbers, and housing locations of non-party prisoners;
- Badge and identification numbers, signatures, addresses, and phone numbers of all CDCR staff; and
- Names of any non-party correctional officers and other CDCR staff.

## BACKGROUND

Plaintiff is incarcerated at Salinas Valley State Prison, a CDCR facility. Am. Compl., Dkt. No. 38 at 2; Am. Ltr. Br., at 1. Plaintiff's suit arises from the "unwarranted and cruel assaults and sexual abuses" six individual Defendants (employees of CDCR) allegedly committed from September 2011 through December 2011"in retaliation for [the] hunger strike he [] initiated to protest CDCR's failure to provide him with adequate medical care." *Id*. One Defendant, G. Ramey, also allegedly removed prescribed medical appliances (a cane and neck brace) from Plaintiff's cell. Am. Compl. at 5.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401 ("Rule 401").

Under Federal Rule of Evidence 404(b) ("Rule 404(b)"), while "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character", "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 404(b).

**DISCUSSION**

"[A]ny matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case" is relevant. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Discovery is meant to define and clarify the issues, which is why it is not limited to the specific issues raised in the pleadings. *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992) (citing *Oppenheimer*, 437 U.S. at 351). Therefore, determinations of relevancy should be made "liberally and with common sense", and discovery should be allowed unless the information sought has "no conceivable bearing on the case." *Miller*, 141 F.R.D. at 296.

Defendants contend that the information contained in the set of files at issue is not relevant to Plaintiff's claims. Plaintiff intends to demonstrate Defendants' propensity for and pattern of using excessive force and failing to provide adequate medical care; this use would be prohibited by Federal Rule of Evidence 404(a). As discussed below, certain files the Court reviewed describe incidents in which prisoners were allegedly denied treatment or use of their prescribed medical equipment. While evidence relating to these incidents is not admissible for the purposes advocated by Plaintiff, the Court finds they could be relevant to the subject matter of this action and may be admissible under Rule 404(b).

The files corresponding to Bates No. 00171-00291 (Case No. N-SVSP-930-15-A) and Bates No. 00292-00306 (Case No. SVSP-L-11-2349) pertain to denials of treatment or the use of prescribed medical equipment that are sufficiently similar to the incidents alleged in the Amended Complaint. Plaintiff cannot use evidence of other similar incidents to prove that he was subjected to unlawful force or that he was not provided with adequate medical care over the period he alleges. But under Rule 404(b), these files may be admissible for purposes *other* than to prove character or that Defendant G. Ramey acted in accordance with this character; for example, the

3

evidence may be admissible to prove absence of mistake, intent, or lack of accident. Rule 404(b). Information from personnel files, such as records of conduct, performance, and evaluations of officers "may lead to evidence of a continuing course of conduct reflecting malicious intent or reveal the defendant officers' patterns of behavior, as well as [their agency's] response to such behavior." *Hernandez v. City of Napa*, 2010 U.S. Dist. LEXIS 88045, at *8 (N.D. Cal. July 29, 2010) (internal citations and quotations omitted). Another consideration is that the information sought is not available through other discovery or from other sources, but may be relevant to the issues in this case. Thus, although the Court agrees that the reasons articulated by Plaintiff do not support production of the files, the Court finds Plaintiff has met his burden of establishing the files are relevant under Rule 401, and that the evidence therein may be admissible under Rule 404(b).

The file corresponding to Bates No. 00361-00390 (Case No. SVSP-L-12-04331) details the incident alleged in the present case. It was previously produced as part of Defendants' Response to Plaintiff's Request for Production of Documents, then Bates stamped AGO 6098-6127. It need not be produced a second time.

Defendants also generally object to the production of these documents based on the "harm to the safety and security that disclosure presents, and the violation of defendants' privacy rights that would result from disclosure." Am. Ltr. Br., at 5. "A conclusory objection based on institutional security, however, is insufficient." *McCoy v. Holguin*, 2017 U.S. Dist. LEXIS 148429, at *14 (E.D. Cal. Sep. 12, 2017) (internal citation omitted). Any vague threats of harm to safety and security are addressed by the fact the information will be produced subject to the protective order already in place, and the redactions and changes listed above will mitigate any concerns regarding violations of privacy, for Defendants and non-parties alike.

The situations and actions described in the other files submitted for in camera review are not sufficiently similar to those alleged in this case to be found relevant. Therefore, they do not warrant production.

**CONCLUSION**

Based on the analysis above, the Court **ORDERS** production of the files corresponding to Bates Nos. 00171-00291 (Case No. N-SVSP-930-15-A) and 00292-00306 (Case No. SVSP-L-11-2349), subject to the redactions set forth above.

**IT IS SO ORDERED.**

Dated: September 28, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge