UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSUGITO TILEI,<br>　　　Plaintiff,<br>　　v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br>　　　Defendants. | Case No. 12-cv-01688-PJH<br><br>**ORDER RE RELIEF FROM MAGISTRATE JUDGE DISCOVERY ORDER**<br><br>Re: Dkt. No. 92 |

　　Plaintiff Punaofo Tsugito Tilei is incarcerated at Salinas Valley State Prison ("SVSP"), a California Department of Corrections and Rehabilitations ("CDCR") facility. Dkt. 38 at 2. Plaintiff's suit arises from the "unwarranted and cruel assaults and sexual abuses" six defendants (employees of CDCR, the "employee defendants") allegedly committed from September 2011 through December 2011 in retaliation for plaintiff protesting CDCR's failure to provide adequate medical care. Id. at 2. At the time the alleged incidents took place, four of the employee defendants were correctional officers at SVSP (the "officer defendants") and the other two were nurses at SVSP (the "nurse defendants"). Id. ¶¶ 5-10.

　　On August 14, 2017, the court referred all discovery matters in this case to Magistrate Judge Maria-Elena James. Dkt. 77. On August 22, 2017, the parties filed a joint letter brief seeking resolution of a discovery impasse. Dkt. 80. From each defendant, plaintiff sought personnel files which he understood to include the following six categories of documents relating to (1) disciplinary records; (2) training records; (3) incident reports; (4) performance reviews; (5) workplace conduct; and (6) lawsuits,

1 complaints, or grievances made against the defendant. Dkt. 80 at 1. Defendants
2 opposed these requests, claiming that they were overbroad, burdensome, and irrelevant.
3 Id. at 3. Defendants specifically argued that the training records request was irrelevant
4 because plaintiff had not brought a "failure-to-train" claim. Id. at 3. Defendants also
5 claimed that the documents were protected by the "official information privilege" because
6 they contained personal and sensitive information. Id. at 7-8. Defendants, however, did
7 not specifically invoke the privilege. See id. at 4-5.

On August 31, 2017, Magistrate Judge James heard oral arguments on these issues and ordered defendants to "produce, for in camera review any and all documents relating to the investigation of the Defendant Correctional Officers, or to their discipline, for incidents similar to those alleged in the Complaint." Dkt. 83 at 1 (the "August 31 order"). On September 7, 2017, defendants lodged documents for in camera review. Dkt. 85.

On September 28, 2017, Magistrate Judge James issued an order resolving which documents defendants were required to produce. Dkt. 90. That order indicates that the Magistrate Judge reviewed the lodged documents to determine whether they described incidents sufficiently similar to plaintiff's excessive force and inadequate medical care allegations. See Dkt. 90 at 3. Magistrate Judge James ordered the production of one set of documents that "pertain to denials of treatment or the use of prescribed medical equipment that are sufficiently similar to the incidents alleged in the Amended Complaint." Id.[1] Magistrate Judge James also held that defendants need not reproduce one relevant file, Bates No. 00361-00390, because it had been previously produced. Id. at 4. For all other files, Magistrate Judge James held that "the situations and actions described . . . are not sufficiently similar to those alleged in this case to be found relevant." Dkt. 90 at 4.

On October 12, 2017, plaintiff filed a motion for relief from both of the above-

---

[1] The Magistrate Judge rejected defendants' "official information privilege" argument. Id. at 4.

2

1  described discovery orders. Dkt. 92. Plaintiff contends that Magistrate Judge James
2  only ordered defendants to produce documents that were both relevant under Federal
3  Rule of Civil Procedure 26 and admissible under Federal Rule of Evidence 404. Plaintiff
4  also challenges the August 31 order because it did not require defendants to lodge with
5  the court relevant performance reviews nor did it require defendants to lodge for review
6  <u>any</u> potentially relevant records relating to the two nurse defendants.

On October 20, 2017, the court ordered defendants to respond to plaintiff's motion no later than October 27, 2017. Dkt. 93. Defendants filed an opposition on October 27, 2017. Dkt. 94.

**DISCUSSION**

**A.  Legal Standard**

A district court may modify or set aside an order of a magistrate judge on a non-dispositive matter only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this "deferential" standard, the district court may not "substitute its judgment" for that of the magistrate judge. <u>United States v. Abonce-Barrera</u>, 257 F.3d 959, 968 (9th Cir. 2001); <u>Grimes v. City & County of San Francisco</u>, 951 F.2d 236, 241 (9th Cir. 1991).

A finding of fact may be set aside as clearly erroneous only if the court has "a definite and firm conviction that a mistake has been committed." <u>Burdick v. C.I.R.</u>, 979 F.2d 1369, 1370 (9th Cir. 1992). However, the "magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law." <u>Perry v. Schwarzenegger</u>, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

**B.  Federal Rule of Evidence 404 "Screening Test"**

Plaintiff argues that Magistrate Judge James ordered defendants to produce documents only if those documents were relevant under Rule 26 <u>and</u> admissible under FRE 404. The court disagrees. Magistrate Judge James applied the correct relevancy test under Rule 26 and FRE 401 (defining relevancy), and did not screen documents for admissibility using FRE 404.

3

Magistrate Judge James specifically and correctly identified the relevancy standard multiple times, including:

> "Any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case is relevant. Discovery is meant to define and clarify the issues, which is why it is not limited to the specific issues raised in the pleadings. Therefore, determinations of relevancy should be made liberally and with common sense, and discovery should be allowed unless the information sought has no conceivable bearing on the case."

Dkt. 90 at 3 (internal citations and quotation marks omitted); see also Dkt. 90 at 1-2. Magistrate Judge James ordered the production of certain documents under this standard. See Id. at 4 ("the Court finds Plaintiff has met his burden of establishing the files are relevant under [Federal Rule of Evidence] 401 . . ."). And the Magistrate Judge only applied the relevancy standard when determining documents need not be produced: "The situation and actions described in the other files . . . are not sufficiently similar to those alleged in this case to be found relevant. Therefore, they do not warrant production." Dkt. 90 at 4 (emphasis added).

Plaintiff's argument does not undermine this conclusion. Magistrate Judge James FRE 404 discussion, if anything, expanded on plaintiff's narrow view of admissibility. Plaintiff apparently expressed an intention to use the desired documents to show that defendants had a propensity for and pattern of using excessive force and failing to provide adequate medical care. See Dkt. 90 at 3. Magistrate Judge James noted that this use would be prohibited under FRE 404(a). Id. Despite plaintiff's misguided intended use, Magistrate Judge James ordered the production of certain documents that "could be relevant to the subject matter of this action" and clarified that those documents "may" be admissible under a different subsection of FRE 404. Id. at 3-4. This does not at all indicate that Magistrate Judge James only required defendants to produce documents that would be admissible at trial.

Magistrate Judge James applied the correct relevancy standard and the court sees no basis for disturbing that ruling. Plaintiff's motion is DENIED with respect to this issue.

4

## C. The August 31 Order

Plaintiff challenges two parts of the August 31 order. First, plaintiff argues that the Magistrate Judge erred by not ordering defendants to produce each defendant's relevant performance reviews. Second, plaintiff contends that the August 31 order did not require the nurse defendants to produce documents from <u>any</u> of the six requested categories of documents.

The August 31 order required defendants to produce for in camera review "any and all documents relating to the investigation of the Defendant Correctional Officers, or to their discipline, for incidents similar to those alleged in the Complaint." Dkt. 83:19-21.

The court understands that the breadth of this order covers each defendant's performance reviews that might be relevant to the allegation in this case. That is, if a defendant's performance review discussed or referenced his or her use of excessive force or failure to provide adequate medical care, then the August 31 order required that document to be submitted for in camera review. On the other hand, if the performance review merely, for example, noted the defendant's habitual tardiness, the August 31 order did not require that document be produced for review. The fact that Magistrate Judge James' subsequent order did not ultimately require defendants to produce any performance reviews does not show that those records were not lodged with the court. Plaintiff has presented no evidence or argument to the contrary.[2] With respect to this issue, plaintiff's motion is DENIED.

Plaintiff's second challenge to the August 31 order is potentially meritorious. However, the court cannot resolve the issue definitively because it is unclear whether the August 31 order required defendants to produce records related to the nurse defendants, as the order referred to records of "Defendant Correctional Officers."

---

[2] If plaintiff suspects that defendants withheld relevant performance reviews, plaintiff should meet and confer with defendants and, if necessary, bring a motion to compel in front of Magistrate Judge James.

As discussed above, plaintiff asserted claims against six CDCR employees, four correctional officers and two nurses. Plaintiff served requests for production on all six of the employee defendants, seeking the six categories of documents currently at issue. As with the four officer defendants, documents referencing the nurse defendants' involvement in incidents of excessive force or failure to provide medical care are also potentially relevant to plaintiff's case.

Accordingly, Magistrate Judge James is directed to clarify whether the August 31 order was intended to apply to the nurse defendants as well as the officer defendants. If it did, then defendants' counsel must certify that he produced the pertinent records for in camera inspection. If the order did not apply to the nurse defendants, then Magistrate Judge James in her notice of clarification, must order the production of the nurse-related documents for further in camera inspection.

With the exception noted for the nurse-related documents, plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 3, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge