| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | UNITED STATES DISTRICT COURT |
| 5 | NORTHERN DISTRICT OF CALIFORNIA |

PUNAOFO TSUGITO TILEI,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

Defendants.

Case No. 12-cv-01688-PJH (MEJ)

**ORDER CLARIFYING DISCOVERY ORDER (DKT. NO. 83)**

Re: Dkt. Nos. 92, 94, 95

On August 11, 2017, Plaintiff Punaofo Tsugito Tilei ("Plaintiff") and Defendants California Department of Corrections and Rehabilitation ("CDCR"), A. Ingram, B. Jeffery, A. Alton, A. Meyer, J. Sanchez, and G. Ramey (collectively "Defendants"), submitted a joint letter brief addressing the parties' discovery disputes. Ltr. Br., Dkt. No. 76; Am. Ltr. Br., Dkt. No. 80. The Court heard oral argument on August 31, 2017. Aug. 31, 2017 Minute Entry, Dkt. No. 84. Also on August 31, 2017, in response to Plaintiff's discovery request, the Court ordered Defendants to "produce, for in camera review, any and all documents relating to the investigation of the Defendant Correctional Officers, or to their discipline, for incidents similar to those alleged in the Complaint" so the Court could ascertain whether the incidents described in the requested documents are sufficiently similar to warrant production of the documents to Plaintiff. First Discovery Order, Dkt. No. 83. Defendants produced the files, and this Court conducted its review. Defs.' Not. of Lodgment of Confidential Privileged Docs. for In-Camera Review, Dkt. No. 85. On September 28, 2017, the Court ordered Defendants to produce to Plaintiff a redacted version of one portion of the reviewed files. Second Discovery Order, Dkt. No. 90. The Court also cautioned Plaintiff against using this relevant discovery for an inadmissible purpose going forward. *Id.* at 3:15-21.

On October 12, 2017, Plaintiff filed a Motion for Relief from this Court's August 31, 2017 and September 28, 2017 Discovery Orders. Mot. for Relief, Dkt. No. 92. Plaintiff asserted that, in its August 31st Order, the Court erred in not ordering Defendants to produce for review any documents related to the two nurse Defendants. Plaintiff also asserted that, in its September 28th Order, the Court erred by only ordering Defendants to produce to Plaintiffs documents that were both relevant and admissible, contrary to the discovery standards set forth in the Federal Rules of Civil Procedure.

On November 3, 2017, the Presiding Judge issued an Order denying Plaintiff's motion as it related to this Court's September 28th Order. Order for Clarification, Dkt. No. 95. In the Order, the Presiding Judge also directed this Court to clarify whether its August 31st Order was meant to apply to all Defendants. *Id*. at 6. If it was not, this Court is to order production of records related to the nurse defendants for in camera inspection. *Id*.

The Court is aware that, when Defendants produced records on September 7, 2017 for in camera review, Defendants made a partial production of documents related to Defendant Nurse A. Alton. However, given that this Court's August 31st order was not clear, the Court **ORDERS** Defendants to file a declaration, no later than November 17, 2017, stating whether they produced for in camera review *all* pertinent records related to Defendant Nurses A. Alton and A. Ingram; in addition, if Defendants did not previously produce those records, Defendants shall produce those records for in camera review by the same date.

**IT IS SO ORDERED.**

Dated: November 8, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge